[No. H005209. Sixth Dist. Oct. 11, 1989.]

In re JESSE C., a Person Coming Under the Juvenile Court Law.
SANTA CLARA COUNTY DEPARTMENT OF SOCIAL
SERVICES, Plaintiff and Respondent, v.
ANTONIO R., SR., Defendant and Appellant.

COUNSEL

James W. Haworth and Heather Hyde for Defendant and Appellant.

Steven M. Woodside, County Counsel, and L. Michael Clark, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**CAPACCIOLI, Acting P. J.**—Antonio R. (father) appeals from a dispositional order of the juvenile court placing his son, Jesse C., in foster care (Welf. & Inst. Code, § 300, subd. (a)) and denying reunification services pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(2). He contends 1) there was insufficient evidence to support the order, and 2) the trial court committed reversible error by combining the jurisdictional and dispositional hearings, contrary to section 358, subdivision (c). The Santa Clara County Department of Social Services (DSS) responds that this appeal should be dismissed as moot in view of the intervening termination of appellant's parental rights. (Civ. Code, § 232, subd. (a)(6).)[1] We agree.

Procedural History

Jesse C. was taken into protective custody in January 1988 when he was one day old. A petition was thereafter filed under Welfare and Institutions Code section 300, subdivision (a), alleging that the parents had a history of "extreme family conflict" resulting in physical altercations and frequent separations, on one occasion resulting in appellant's arrest for domestic violence. The petition further alleged that the parents were unable to provide actual care and supervision of the minor or provide alternate care arrangements for him.

On June 15, 1988, DSS filed an amended petition which included an additional allegation, based on two separate psychological evaluations, that neither parent had the "emotional or psychological capacity to meet the psychological needs of said minor." Both evaluations concluded that appellant had serious emotional problems that prevented him from being able to parent his children adequately. The psychologists also agreed that it was "very unlikely" appellant could benefit from reunification services.

At the time Jesse was placed in protective custody, his older brother, David, was a dependent child of the court. The parties stipulated that

---

[1] At the request of DSS, we hereby take judicial notice of a judgment entered June 19, 1989, permanently freeing the minor from appellant's custody and control pursuant to Civil Code section 232, subdivision (a)(6).

Jesse's jurisdictional hearing could be combined with David's permanency planning hearing, and a contested trial as to both matters commenced on June 28, 1988. On the last day of trial, the mother relinquished custody of both children, contingent upon the relinquishment or involuntary termination of appellant's parental rights.

The trial court found that the allegations of the amended petition were true and that the minor came within the provisions of Welfare and Institutions Code section 300, subdivision (a). It then made dispositional orders declaring the minor a dependent child and committing him to the custody of the probation officer for placement in a foster-adoptive home. Finally, pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(2), the court declined to order reunification services, finding that appellant was suffering from a mental disability described by Civil Code section 232, subdivision (a)(6), which rendered him incapable of utilizing or profiting from a reunification plan.

## Discussion

At the outset we consider the threshold question, raised by DSS, of whether the order appealed from should be dismissed as moot in light of a judgment entered June 19, 1989, permanently freeing the minor from appellant's custody and control pursuant to Civil Code section 232, subdivision (a)(6). Both parties cite *In re Kristin B.* (1986) 187 Cal.App.3d 596 [232 Cal.Rptr. 236], which held that "the question of mootness must be decided on a case-by-case basis." (*Id.* at p. 605.) In *Kristin B.,* the parents appealed from an order authorizing initiation of Civil Code section 232 proceedings as well as from the section 232 judgment itself. The court acknowledged that a *final* judgment may render moot an appeal from an earlier order. It noted, however, that "a judgment in a Civil Code section 232 action is not final until the culmination of the appellate process." (*Id.* at p. 603.) The court concluded that "where a judgment terminating parental rights is challenged on appeal, an earlier appeal arising out of a juvenile court dependency proceeding is not moot *if* the purported error is of such magnitude as to infect the outcome of the ensuing termination action *or* where the alleged defect undermines the juvenile court's initial jurisdictional finding." (*Id.* at p. 605.)[2]

---

[2] Appellant relies on our previous case, *In re Julia C.* (Cal.App.) H001254, to support his position. That case, however, was depublished when the Supreme Court granted a petition for review on February 25, 1988. Although the court subsequently dismissed its review as improvidently granted on February 23, 1989 (Cal. Rules of Court, rule 29.4(c)), the case remains unpublished (Cal. Rules of Court, rule 976(d)) and may not be cited. (Cal. Rules of Court, rule 977; see *Morgan Hill Unified School Dist.* v. *Amoroso* (1988) 204 Cal.App.3d 1083, 1085 [252 Cal.Rptr. 1].)

 The case before us stands in a procedural posture similar to that of *Kristin B.* Here, the challenged dependency order was followed by a Civil Code section 232 judgment terminating appellant's parental rights. We observe, however, that a notice of appeal has been filed in the termination action. The Civil Code section 232 judgment is therefore not yet final. (Code Civ. Proc., § 1049.)

Accordingly, we look to the *Kristin B.* test to decide the issue of mootness in the present case. Appellant does not question the trial court's jurisdictional finding, so the second prong of the *Kristin B.* test is not relevant here. Instead, we must decide only the question of whether any of the claimed errors was "of such magnitude as to infect the outcome of the ensuing termination action." We conclude that none of the asserted errors meets this standard.

Appellant's first two contentions challenge the sufficiency of the evidence for placing the minor in out-of-home custody and denying reunification services. The third is a procedural issue: whether the trial court committed reversible error by failing to continue the dispositional hearing pursuant to Welfare and Institutions Code section 358, subdivision (a)(3). Assuming these contentions are correct and reversible error occurred, could the Civil Code section 232 action nonetheless have properly been brought, heard, and decided?

Appellant's parental rights were terminated under subdivision (a)(6) of Civil Code section 232, which provides for termination in the case of a parent's mental disability. Although the grounds for terminating parental rights under this subdivision are the same as those required to deny reunification services under Welfare and Institutions Code section 361.5, subdivision (b), the two proceedings are nevertheless "separate and distinct, each serving an entirely different purpose." (*Kristin B., supra,* 187 Cal.App.3d at p. 604.) Termination of parental rights under subdivision (a)(6), unlike (a)(7), does not depend on procedures undertaken during a child's dependency, but can be accomplished independently of those earlier events. Thus, even if the juvenile court's dispositional order was defective, the Civil Code section 232 proceeding could nonetheless have been independently initiated and the June 19, 1989, result would have been the same. Under these circumstances, the instant appeal has become moot.

The appeal is dismissed.

Premo, J., and Elia, J., concurred.